FRANCISCO GRACIA RIVERA, Petitioner and Appellant, *v.* BOARD OF EXAMINERS OF CHEMISTS OF PUERTO RICO, Respondent and Appellee.

No. 9325.    Argued November 8, 1946.—Decided January 23, 1947.

*José C. Jusino* for appellant. *Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro, former Attorney General, on the brief), and J. Rivera Barreras, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On April 26, 1932, there was approved Act No. 31 of the Legislature of Puerto Rico, entitled "An Act to regulate the practice of the profession of chemistry, etc.," (Laws of 1931–1932, p. 256). Section 1 of that Act provides that every person in Puerto Rico who practices as a public chemist or analyst shall in future hold a license as chemist. In order to carry out the provisions of the Act, § 2 thereof creates the "Board of Examiners of Chemists." Section 8 provides that the board shall not grant a chemist's examination to any person who does not hold a university degree with chemistry as the major science or who does not hold a professional title of chemist, conferred by a university or college of good repute. Subdivision (b) of § 9, on which this case is based, provides:

"Section 9.—Within the six months following the date on which this Act takes effect, the board shall issue a license to practice as chemist, to any person who, having paid the fees hereinafter specified, possesses one of the following qualifications:

"(a)       *       *       *       *       *       *       *

"(b) To have been engaged in the practice of chemistry, as provided in Section 1 of this Act, for five years prior to the date on which this Act takes effect, *having been for at least two years in charge of technical works of responsibility, requiring his own initiative and judgment in the performance thereof, and satisfactorily to prove his experience as a chemist, in accordance with the provisions of Section 1 of this Act.*" (Italics ours.)

The term of six months fixed by § 9, *supra,* was extended to February 5, 1943, by express provision of Act No. 117, approved May 7, 1942 (Laws of 1942, p. 696).

On November 5, 1942, petitioner Francisco Gracia Rivera filed with the board an application for the issuance of a license to practice as a chemist, and alleged that for over five years prior to the enactment of Act No. 31 of 1932, he had been engaged in the practice of chemistry, having been for over five years in charge of technical works of responsibility, requiring his own initiative and judgment in the performance thereof. In support of his application, he presented four affidavits, attesting to his good conduct, reputation, and experience as a chemist. Upon said application being denied, he requested from the board a reconsideration of such denial, and submitted two new affidavits subscribed by two physicians, who stated that the applicant had worked for affiants during many years, performing chemical analyses and syntheses and that his services were satisfactory. The board denied the application a second time and ratified its prior decision. On February 11, 1943, the petitioner filed a new application requesting to be heard on the merits of his case and offering additional evidence.

In his petition, filed in the District Court of Bayamón, the petitioner, after setting forth the facts already stated, alleged that the board had taken no action on his last application to be heard, for which reason he was compelled to institute the present mandamus proceeding in order that the Board might be directed to issue to the petitioner the license requested by him.

An alternative writ having been issued, the board appeared and answered the petition and specifically denied all the averments thereof relating to the alleged practice by the petitioner of the profession of chemistry. The board alleged that, although it was not legally required to controvert the veracity of the statements of the applicant, it had studied and investigated said statements and arrived at the conclusion "that the issuance to the applicant of the license to practice as chemist was not justified." The board denied

that the petitioner had submitted sufficient evidence of his ability to act as a chemist. It also denied that it had taken no action on the last application filed by the petitioner in order to be heard; and on the contrary alleged, that by a letter of February 13, 1943, the board notified the petitioner that it would advise him of the date on which it would hear his witnesses in order to decide the case, since it could not be done forthwith, as there were many applications pending.

As new matter, the respondent alleged that petitioner's application was denied because he failed to prove to the satisfaction of the board that he had complied with the requisites of § 1 of the Act, *supra;* that the evidence presented did not satisfactorily prove that the petitioner was engaged in the practice of chemistry, as the board considered that the persons who signed the affidavits were not qualified to judge of plaintiff's work; and, lastly, that mandamus did not lie, since the board had acted within the discretionary power granted to it by the Act for weighing the evidence submitted to it.

On December 27, 1945, the lower court rendered judgment denying the petition. The petitioner thereupon appealed, and he urges that the lower court erred: (1) in not according probative force to the evidence of the petitioner; (2) in finding that the board had made proper use of its discretionary powers; (3) in admitting evidence of the respondent which was immaterial and irrelevant; and (4) in giving probatory force to evidence which had been objected to by the petitioner and rejected by the court.

██ The only evidence introduced by the petitioner consisted of certified copies of the applications and affidavits presented by him to the board. Analyzing said evidence, the lower court said:

"Of all the persons who gave testimony before the board as to the experience and knowledge of the petitioner, the one who is in a better position to appraise those qualifications as to him, is his sister, Mrs. Gracia Rivera, because he has worked with her for

many years. Yet, in her testimony she states, as we have already said, that he worked under her supervision in the analyses he made. If the petitioner made the analyses *under the supervision* of the titular druggist of the drugstore, he did not exercise his own initiative and judgment as the law requires, but he acted pursuant to the instructions he received according to the judgment and initiative of the witness. There is more. In accordance with the evidence, in the year 1932, Mrs. Gracia Rivera applied for a license as chemist; and the petitioner issued a certificate which was attached to the application, setting forth that he applicant was in charge of the analysis of drugs and chemical products of the San Miguel Drugstore. Upon the petitioner applying for a license, Mrs. Gracia Rivera deposes that he is the person who performs, although under her supervision, the chemical analyses of responsibility.

"Mrs. Gracia Rivera and the Doctors Rodríguez, in their affidavits, confine themselves to stating, following the language of the statute, that the petitioner performed chemical works requiring his own initiative and judgment, and that he has satisfactorily proven his experience in such works. But it is the respondent board which has the power, and also the responsibility, to decide whether the petitioner has satisfactorily proven his experience as a chemist. The petitioner did not offer to the board concrete evidence to satisfactorily prove his experience. He did not state to the board what tests and analyses were performed by him during the time covered by the affidavits submitted by him, in what consisted his experience, how, or in what manner did he exercise his own initiative and judgment in the performance of said analyses. There is no evidence whatever before the court, which might strengthen the one presented to the board, and in its absence, the court considers that the board acted within its discretion in denying the application."

We have already seen that the law requires that the applicant for a license should "satisfactorily prove his experience as a chemist." And it is the board whom the law vests with the necessary discretionary power to decide whether the evidence satisfactorily proves the experience of the applicant as a chemist. We have carefully examined the affidavits and we are not in a position to state that the respondent board and the lower court erred in holding that the same were insufficient. The plaintiff had an opportunity to strengthen his

evidence before the lower court and he took no advantage of it but chose to rest his case on the affidavits already presented to the board.

The cases of mandamus against the Board of Examiners of Engineers,[1] cited by the appellant, are not applicable herein. Section 9 of Act No. 31 of 1927 provides that within the six months following the taking effect of said Act, the Board of Examiners of Engineers shall issue a license as an engineer to any person who "has practiced the profession of engineering . . . for a period of not less than three years, prior to the date of approval of this Act"; and provides, further, that:

"Unless evidence to the contrary exists, the board *shall accept the sworn statement* in the application *as satisfactory evidence* that the applicant has practiced the profession of engineering, architecture or surveying for a period of three years." (Italics ours.)

In the first of said cases, *Llovet* v. *Board of Examiners*, it was held that mandamus lay, because from the mere statement that the petitioner had practiced as an engineer for more than three years, there being no evidence to the contrary, arose the ministerial duty of the board to issue the license. The other three cases were decided in accordance with the holding of the *Llovet* case. The Act in question imposes on the board of Examiners of Engineers the duty to accept as satisfactory evidence the sworn statement of the applicant, unless evidence to the contrary is produced.

The Act under our consideration does not impose on the Board of Examiners of Chemists the ministerial duty to accept *as satisfactory evidence* the sworn statement of the applicant. It is the latter who must prove to the satisfaction of the board his experience as a chemist; and it is incumbent on the board to weigh the evidence of the applicant

---

[1] *Llovet* v. *Board of Examiners of Engineers, etc.*, 40 P.R.R. 560; *Arán* v. *Board of Examiners of Engineers, etc.*, 40 P.R.R. 565; *González* v. *Board of Examiners of Engineers, etc.*, 40 P.R.R. 566; *Flores* v. *Board of Examiners of Engineers, etc.*, 40 P.R.R. 567.

and decide whether such evidence is satisfactory or sufficient to warrant the issuance of the license.

██ We have frequently held that mandamus does not lie to compel the execution of acts within the discretionary power of an officer or board, unless it is shown that there has been an abuse of such discretion. *Lutz* v. *Post, Governor of Porto Rico*, 14 P.R.R. 830; *Dyer* v. *Rossy*, 23 P.R.R. 718; *Santiago* v. *Feuille*, 10 P.R.R. 408; *De Diego et al.* v. *The House of Delegates*, 5 P.R.R. 110 (2d ed.); *Negrón et al.* v. *The Supervisor of Elections*, 11 P.R.R. 352; *Registrar of Guayama* v. *Attorney General*, 28 P.R.R. 328; and *People et al.* v. *Arrillaga*, 30 P.R.R. 889. We have also held that when an officer has power to consider evidence and then reach a decision, his duty is judicial or quasi-judicial and hence discretionary. *Meléndez* v. *Board of Exam. of Accountants*, 42 P.R.R. 391.

Since we have reached the conclusion that mandamus does not lie, we think that it is unnecessary to consider the remaining two assignments.

The judgment appealed from should be affirmed.